RANDALL G. PHILLIPS (6311)
Attorney for Plaintiff
2510 Washington Blvd., Suite 200
Ogden, Utah 84401
Telephone: (801) 621-6546
Facsimile: (801) 393-3451

FILED
U.S. DISTRICT COURT
2008 NOV 18 P 12: 11
DISTRICT OF UTAH
BY: _____
DEPUTY CLERK

IN THE UNITED STATES FEDERAL DISTRICT COURT, DISTRICT OF UTAH

CENTRAL DIVISION

| TAMARA VANDYCK | / | COMPLAINT (Jury Trial Demanded) |
| Plaintiff | / | |
| vs. | / | Civil No.: |
| DENNIO ENTERPRISES, a California Corporation, ELISABETH FLORES and STEPHEN FLORES, individuals | / | Judge: Case: 2:08cv00892 Assigned To : Stewart, Ted Assign. Date : 11/18/2008 Description: Vandyke v. Dennio Enterprises, et al |
| Defendants | / | |

COMES NOW, the above-named Plaintiff, by and through her attorney of record, Randall G. Phillips, and hereby complains and alleges against the above-named Defendants as follows:

JURISDICTION AND VENUE

1. That the Court has diversity of citizenship jurisdiction in this case under 28 U.S.C. §1332, as this case involves the Plaintiff, a citizen of Utah, and the Defendants, citizen(s) of California, and the amount in controversy exceeds $75,000.00 (Seventy Five Thousand Dollars).

2. That the Plaintiff resides in Ogden, Weber County, State of Utah..

1

Dockets.Justia.com

3. That Defendant Dennio Enterprises is a duly authorized California company, with its principal place of business located in Oceanside, San Diego County, California.

4. That Defendant Dennio Enterprises primary business is to distribute adult films across the world, including Utah, via the Internet.

5. That Defendant Elisabeth Flores, is a resident of Carlsbad, San Diego County, California, and owner and/or operator of Defendant Dennio Enterprises.

6. That Defendant Stephen Flores, is a resident of Carlsbad, San Diego County, California, and owner and/or operator of Defendant Dennio Enterprises.

7. That the Plaintiff's causes of action arose on or about January 1, 2007, in Weber County, State of Utah.

## STATEMENT OF FACTS

8. That the Plaintiff reasserts and realleges the preceding allegations, and incorporates such herein.

9. That on or about 1996, the Plaintiff entered into an agreement with the above-named Defendants, either acting individually, and/or acting within the course and scope of their employment, being duly authorized to act on behalf of Defendant Dennio Enterprises.

10. That the named individual Defendants, were at all times, throughout the allegations contained in this Complaint, either acting individually for his/her own benefit, and/or acting within the course and scope of their agency and/or employment at Defendant Dennio Enterprises, as owners and/or co-owners of said Defendant.

11. That per the aforesaid 1996 agreement, the Plaintiff was to be paid a salary, commission, and royalties for being a model in adult films produced by the Defendant.

12. That up until on or about January 1, 2007, the Defendants met their obligations by paying the Plaintiff in full, in exchange for her adult modeling.

13. That on or about January 1, 2007, the Defendants materially breached their agreement with the Plaintiff by refusing to pay the Plaintiff the agreed upon amount for said aforesaid adult modeling, thus, the Defendants, owe the Plaintiff unpaid salary, commission, and royalties from January 1, 2007, to the present, in an amount to be determined at trial.

14. That as a direct and proximate result of the Plaintiff's modeling for the benefit of the Defendants, the Plaintiff obtained fame and notoriety in the adult film business.

15. That on or about January 1, 2007, the Defendants began copying and pasting old video productions of the Plaintiff, and representing them to be new material, thus, casting the Plaintiff in a false light.

16. That the Defendants individually and/or collectively breached the implied covenant of good faith and fair dealing, as the Defendants undertook action and/or inaction to injure the Plaintiff's right to receive the benefits of the parties aforesaid employment agreement, by failing to pay the Plaintiff the agreed upon salary, commission, and royalties from January 1, 2007, to the present, and casting the Plaintiff in a false light, in an amount to be determined at trial.

17. That the Defendants individually and/or collectively had a pecuniary interest in a the Plaintiff modeling for the Defendants' adult films, while being in a superior position to know material facts, carelessly or negligently made a false representation that the Plaintiff would be paid a salary, commission, and royalty, expecting the Plaintiff to rely and act thereon, the Plaintiff acting reasonably on said false representation, did perform the subject adult modeling,

suffered a loss in that transaction.

18. That on or before January 1, 2007, the Defendants acting individually and/or cooperatively, represented to the Plaintiff a presently existing material fact that the Plaintiff would be paid a salary, commission, and royalties, for modeling in the Defendants' adult films, which was false and which the Defendants either (a) knew to be false or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation, for the purpose of inducing the Plaintiff to act upon said representations, and that the Plaintiff, acting reasonably and in ignorance of its falsity, did in fact rely upon it, and was thereby induced to act by modeling in the Defendants' adult movies to the Plaintiff's injury and damage.

19. That on or about January 1, 2007, and continuing thereafter, the Plaintiff conferred a benefit on the Defendants individually and collectively, by modeling in the Defendants' adult films, which the Defendants appreciated, profited significantly from, and knew of said benefit(s), the acceptance or retention by the Defendants of the benefit(s) under such circumstances as to make it inequitable for the Defendants to retain the benefit without payment of its value, to the Plaintiff for salary, commissions, and royalties from on or about January 1, 2007, through the present.

20. That the aforesaid acts or omissions of the Defendants acting individually and/or cooperatively, were the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of the Plaintiff to be compensated.

21. That as a direct and proximate result of the Defendants aforesaid conduct and/or misconduct, acts and/or omissions, the Plaintiff suffered damages including, but not limited to:

4

financial devastation; loss of income; loss of employment; lost wages; severe emotional distress; loss of enjoyment in life; emotional pain and suffering; loss of reputation; embarrassment, and humiliation, in an amount to be determined at trial, in an amount in excess of $75,000.00 (Seventy Five Thousand Dollars).

## FIRST CAUSE OF ACTION

## MATERIAL BREACH OF CONTRACT

22. That the Plaintiff reasserts and realleges the allegations contained in the preceding paragraphs and incorporates such herein.

23. That on or about 1996, the Plaintiff entered into an agreement with the above-named Defendants, either acting individually, and/or acting within the course and scope of their employment, being duly authorized to act on behalf of Defendant Dennio Enterprises.

24. That the named individual Defendants, were at all times, throughout the allegations contained in this Complaint, either acting individually for his/her own benefit, and/or acting within the course and scope of their agency and/or employment at Defendant Dennio Enterprises, as owners and/or co-owners of said Defendant.

25. That per the aforesaid 1996 agreement, the Plaintiff was to be paid a salary, commission, and royalties for being a model in adult films produced by the Defendant.

26. That up until on or about January 1, 2007, the Defendants met their obligations by paying the Plaintiff in full in exchange for her adult modeling.

27. That on or about January 1, 2007, the Defendants materially breached their agreement with the Plaintiff by refusing to pay the Plaintiff the agreed upon amount for said aforesaid adult modeling, thus, the Defendants, owe the Plaintiff unpaid salary, commission, and

royalties from January 1, 2007, to the present, in an amount to be determined at trial.

28. That the aforesaid acts or omissions of the Defendants acting individually and/or cooperatively, were the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of the Plaintiff to be compensated.

29. That as a direct and proximate result of the Defendants aforesaid conduct and/or misconduct, acts and/or omissions, the Plaintiff suffered damages including, but not limited to: financial devastation; loss of income; loss of employment; lost wages; severe emotional distress; loss of enjoyment in life; emotional pain and suffering; loss of reputation; embarrassment, and humiliation, in an amount to be determined at trial, in an amount in excess of $75,000.00 (Seventy Five Thousand Dollars).

## SECOND CAUSE OF ACTION

## FRAUDULENT MISREPRESENTATION

30. That the Plaintiff reasserts and realleges the allegations contained in the preceding paragraphs and incorporates such herein.

31. That on or about 1996, the Plaintiff entered into an agreement with the above-named Defendants, either acting individually, and/or acting within the course and scope of their employment, being duly authorized to act on behalf of Defendant Dennio Enterprises.

32. That the named individual Defendants, were at all times, throughout the allegations contained in this Complaint, either acting individually for his/her own benefit, and/or acting within the course and scope of their agency and/or employment at Defendant Dennio Enterprises, as owners and/or co-owners of said Defendant.

33.     That the Defendants individually and/or collectively had a pecuniary interest in a the Plaintiff modeling for the Defendants' adult films, while being in a superior position to know material facts, carelessly or negligently made a false representation that the Plaintiff would be paid a salary, commission, and royalty, expecting the Plaintiff to rely and act thereon, the Plaintiff acting reasonably on said false representation, did perform the subject adult modeling, suffered a loss in that transaction.

34.     That on or before January 1, 2007, the Defendants acting individually and/or cooperatively, represented to the Plaintiff a presently existing material fact that the Plaintiff would be paid a salary, commission, and royalties, for modeling in the Defendants' adult films, which was false and which the Defendants either (a) knew to be false or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation, for the purpose of inducing the Plaintiff to act upon said representations, and that the Plaintiff, acting reasonably and in ignorance of its falsity, did in fact rely upon it, and was thereby induced to act by modeling in the Defendants' adult movies to the Plaintiff's injury and damage.

35.     That the aforesaid acts or omissions of the Defendants acting individually and/or cooperatively, were the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of the Plaintiff to be compensated.

36.     That as a direct and proximate result of the Defendants aforesaid conduct and/or misconduct, acts and/or omissions, the Plaintiff suffered damages including, but not limited to: financial devastation; loss of income; loss of employment; lost wages; severe emotional distress; loss of enjoyment in life; emotional pain and suffering; loss of reputation; embarrassment, and

humiliation, in an amount to be determined at trial, in an amount in excess of $75,000.00 (Seventy Five Thousand Dollars).

### THIRD CAUSE OF ACTION

### FRAUD

37. That the Plaintiff reasserts and realleges the allegations contained in the preceding paragraphs and incorporates such herein.

38. That on or about 1996, the Plaintiff entered into an agreement with the above-named Defendants, either acting individually, and/or acting within the course and scope of their employment, being duly authorized to act on behalf of Defendant Dennio Enterprises.

39. That the named individual Defendants, were at all times, throughout the allegations contained in this Complaint, either acting individually for his/her own benefit, and/or acting within the course and scope of their agency and/or employment at Defendant Dennio Enterprises, as owners and/or co-owners of said Defendant.

40. That on or before January 1, 2007, the Defendants acting individually and/or cooperatively, represented to the Plaintiff a presently existing material fact that the Plaintiff would be paid a salary, commission, and royalties, for modeling in the Defendants' adult films, which was false and which the Defendants either (a) knew to be false or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation, for the purpose of inducing the Plaintiff to act upon said representations, and that the Plaintiff, acting reasonably and in ignorance of its falsity, did in fact rely upon it, and was thereby induced to act by modeling in the Defendants' adult movies to the Plaintiff's injury and damage.

41. That the aforesaid acts or omissions of the Defendants acting individually and/or

8

cooperatively, were the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of the Plaintiff to be compensated.

42. That as a direct and proximate result of the Defendants aforesaid conduct and/or misconduct, acts and/or omissions, the Plaintiff suffered damages including, but not limited to: financial devastation; loss of income; loss of employment; lost wages; severe emotional distress; loss of enjoyment in life; emotional pain and suffering; loss of reputation; embarrassment, and humiliation, in an amount to be determined at trial, in an amount in excess of $75,000.00 (Seventy Five Thousand Dollars).

## FOURTH CAUSE OF ACTION

## UNJUST ENRICHMENT

43. That the Plaintiff reasserts and realleges the preceding allegations, and incorporates such herein.

44. That on or about 1996, the Plaintiff entered into an agreement with the above-named Defendants, either acting individually, and/or acting within the course and scope of their employment, being duly authorized to act on behalf of Defendant Dennio Enterprises.

45. That the named individual Defendants, were at all times, throughout the allegations contained in this Complaint, either acting individually for his/her own benefit, and/or acting within the course and scope of their agency and/or employment at Defendant Dennio Enterprises, as owners and/or co-owners of said Defendant.

46. That per the aforesaid 1996 agreement, the Plaintiff was to be paid a salary, commission, and royalties for being a model in adult films produced by the Defendant.

9

47. That on or about January 1, 2007, and continuing thereafter, the Plaintiff conferred a benefit on the Defendants individually and collectively, by modeling in the Defendants' adult films, which the Defendants appreciated, profited significantly from, and knew of said benefit(s), the acceptance or retention by the Defendants of the benefit(s) under such circumstances as to make it inequitable for the Defendants to retain the benefit without payment of its value, to the Plaintiff for salary, commissions, and royalties from on or about January 1, 2007, through the present.

48. That the aforesaid acts or omissions of the Defendants acting individually and/or cooperatively, were the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of the Plaintiff to be compensated.

49. That as a direct and proximate result of the Defendants aforesaid conduct and/or misconduct, acts and/or omissions, the Plaintiff suffered damages including, but not limited to: financial devastation; loss of income; loss of employment; lost wages; severe emotional distress; loss of enjoyment in life; emotional pain and suffering; loss of reputation; embarrassment, and humiliation, in an amount to be determined at trial, in an amount in excess of $75,000.00 (Seventy Five Thousand Dollars).

WHEREFORE, the Plaintiff prays:

1. That the Plaintiff be awarded general damages, in an amount to be determined at trial;

2. That the Plaintiff be awarded special damages, in an amount to be proven at trial;

3. That the Plaintiff be awarded exemplary damages, in an amount to be proven at trial;

4. That the Plaintiff be awarded reasonable costs and attorney's fees;

5. That this matter be set for a jury trial; and

6. For such other relief as the Court deems mete on the premises.

DATED this 17TH day of November, 2008.

/s/Randall G. Phillips
Attorney for Plaintiff